# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSEY KAE SCHAEFER,<br><br>            Plaintiff,<br><br>vs.<br><br><br>SAN DIEGO CORNERSTONE MORTGAGE; INDYMAC FEDERAL BANK, F.S.B.; ONEWEST BANK, FSB; FDIC; et al.,<br><br>            Defendants. | CASE NO. 09-CV-978 JLS (CAB)<br><br>**ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR JUDICIAL NOTICE, (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, AND (3) DENYING MOTION TO EXPUNGE LIS PENDENS**<br><br>(Doc. Nos.19 & 20) |

Presently before the Court are Defendant OneWest Bank, FSB's motion to dismiss the Second Amended Complaint[1] and request for judicial notice. (Doc. Nos. 19 & 20.) Also before the Court is Plaintiff's opposition to this motion.[2] (Doc. No. 22.) For the reasons stated, Defendant's request for judicial notice is **GRANTED IN PART AND DENIED IN PART** and its motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.

---

[1] Defendant alternatively asks this Court to grant summary judgment on these claims. The Court finds that it would be premature to consider granting summary judgment at this time. Therefore, the motion is **DENIED WITHOUT PREJUDICE** to the extent it seeks summary judgment.

[2] Plaintiff's opposition was filed late per the Court's scheduling Order. (Doc. No. 21.) Because justice so requires, it will be considered.

**BACKGROUND**

Plaintiff Lindsey Kae Schaefer owns the single family residence located at 4702 Morning Canyon Road in Oceanside, California. (Doc. No. 15 (SAC) ¶ 2.) Plaintiff alleges that she executed a loan "between January 1, 2003 and December 21, 2007" secured by the above-named property. (*Id.* ¶¶ 2–3, 8.) Defendant currently either owns or services this loan. (*Id.* ¶ 3.) In December 2008, Defendant initiated non-judicial foreclosure on the property. (*Id.* ¶¶ 6.)

Plaintiff brings three causes of action against Defendant. First, she alleges that Defendant violated the Perata Mortgage Relief Act, California Civil Code § 2923.5, because it did not contact Plaintiff "to discuss her financial situation or explore options to avoid foreclosure." (*Id.* ¶¶ 7–11.) Second, Ms. Schaefer asserts that Defendant violated the federal Truth In Lending Act (TILA) by understating finance charge and the amount financed. (*Id.* ¶¶ 12–19.) Finally, Plaintiff seeks relief under the California Unfair Business Practices Act, California Business and Professions Code § 17200, *et seq.*, for the actions and statutory violations set forth within the complaint. (*Id.* ¶¶ 20–24.) For relief Plaintiff requests that Defendants be enjoined from foreclosing on her property, actual damages, restitution and disgorgement, and attorneys' fees. (*Id.* at 5–6.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, – US —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949

(citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

**ANALYSIS**

**I.   Defendant's Request for Judicial Notice**

At the outset, the Court addresses Defendant's request for judicial notice. (Doc. No. 20 (RJN).) Defendant asks this Court to consider four documents when deciding the motion to dismiss. Although a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice" when deciding a motion to dismiss, it "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citations omitted). Plaintiff has not opposed the consideration of these documents.

The Court finds that Exhibits A, B, and D, are capable of being judicially noticed as they have been recorded in the official public records of the San Diego Country Recorder's Office and are undisputed. However, Exhibit C is not referenced in the complaint such that it would be properly considered in a Rule 12(b)(6) motion. This exhibit, rather, is substantive evidence more properly considered on a motion for summary judgment. Therefore, Defendant's request for judicial notice is

**GRANTED** as to Exhibits A, B, and D, and **DENIED** as to Exhibit C.

## II.  PERATA MORTGAGE RELIEF ACT

Plaintiff's first cause of action is under the Perata Mortgage Relief Act, California Civil Code § 2923.5. In relevant part, the Perata Act requires a "mortgagee, beneficiary, or authorized agent [to] contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5(a)(2). According to the Complaint, Defendant did not "contact[] the plaintiff to discuss her financial situation or explore options to avoid foreclosure." (SAC ¶ 10.)

Defendant argues that the Court should dismiss this claim because, despite her allegations, Plaintiff was actually contacted. (Memo. ISO Motion at 6–7.) They base this assertion on Exhibit C to the request for judicial notice, a declaration that Defendant contacted Plaintiff in compliance with section 2923.5. However, the Court has already stated that this is not properly considered in deciding whether to dismiss this case. Moreover, the Second Amended Complaint directly disputes the assertions contained within the declaration. Therefore, Defendant has not carried its burden to show that the first cause of action fails to state a claim and its motion is **DENIED** as to this claim.

## III.  TRUTH IN LENDING ACT

Plaintiff's second cause of action arises under the Truth In Lending Act (TILA) and Regulation Z of that Act. (SAC ¶ 15.) Plaintiff alleges that Defendant understated the finance charge and amount financed, which means that defendant "fail[ed] to clearly, conspicuously, and/or accurately disclose the terms of the loan to Plaintiff." (*Id.* ¶ 17.) In its opposition, Plaintiff acknowledges that this claim must be dismissed. (Opp. at 3.) Therefore, the Court **DISMISSES** this claim **WITH PREJUDICE** as time barred.

## IV.  CALIFORNIA UNFAIR BUSINESS PRACTICES ACT

Finally, Plaintiff raises a claim under the California Unfair Business Practices Act. Cal. Bus. & Prof. Code § 17200, *et seq.* She alleges that by violating the Perata Act Defendant engaged in unfair business practices. (FAC ¶¶ 20–24.) As a result, she "suffered a loss of money and suffered injury in fact." (*Id.* ¶ 23.)

Defendant argues that this claim is "nothing more than labels and conclusions." (Memo. ISO

Motion at 10.) Further, it claims that neither the first nor the second cause of action state a claim. Therefore, Defendant believes that this claim must be dismissed.

However, the Court has already found that the first claim survives dismissal. In stating a section 17200 claim, a Plaintiff may base its claim on a violation a separate law. *See Cal-Tech Commc'n, Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527, 539–40 (Cal. 1999). Therefore, because Plaintiff has stated one claim which survives dismissal, her Unfair Business Practices Act claim cannot be dismissed. Therefore, the motion to dismiss is **DENIED** as to this claim.

## V.  MOTION TO EXPUNGE LIS PENDENS

Finally, Defendant requests that the Court order the lis pendens in this case expunged. (Memo. ISO Motion at 11.) However, since two of Plaintiff's three claims survive, the motion to expunge must be **DENIED**.

## CONCLUSION

For the reasons stated, Defendant's motion to dismiss is **GRANTED IN PART** and Plaintiff's claim for relief under TILA is **DISMISSED WITH PREJUDICE**. Defendant's motion is **DENIED IN THE REMAINDER**. The request to expunge the lis pendens is also **DENIED**.

IT IS SO ORDERED.

DATED: June 21, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge